## THE SANTA PAULA.

## W. R. GRACE & CO. v. SKAANES.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925.)

### No. 4402.

Shipping ⬒86(2)—Vessel held liable for injury to stevedore.

A finding that injury to a stevedore, who was struck by the cargo boom while operating the winches in discharging cargo, caused by the breaking of a wire rope furnished by the ship, was due to the defective condition of the rope, *held* sustained by the evidence.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit in admiralty by Edward Skaanes against the steamship Santa Paula; W. R.

Grace & Co., claimant. Decree for libelant, and claimant appeals. Affirmed.

E. R. Young and H. R. Kelly, both of Los Angeles, Cal., for appellant.

John J. Monahan, of San Pedro, Cal., for appellee.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. We think there is no merit in this appeal. The appellee was a stevedore, and at the time of the injury for which he sued an employee of the stevedoring company engaged in discharging cargo of the appellant's steamship Santa Paula at San Pedro, Los Angeles harbor, on October 26, 1922. He was operating the port and starboard winches of No. 2 hatch of the vessel by means of the gear installed by the crew of the ship. His position and the gear are shortly and correctly stated in the opinion of the court below as follows:

"He stood between the levers of two winches, facing aft, with his back toward the foremast. The cargo boom was lifted and lowered by means of tackle arranged in the following manner: An iron pennant shackled to the end of the boom led to the crosstrees of the foremast, thence through a single block and down parallel with and on the after side of the mast to a three-way block, which was paired with another of the same kind; the lower one being hooked into a standard at a point about 10 feet above the deck. The rope, which was running through the blocks last referred to, was fastened to the upper block with an eye splice. The pulling end was carried to the winch. While a boiler was being lifted from the hold, this rope broke and allowed the boom to swing, with the result that libelant was caught and thrown across the hatch a distance of about 30 feet, sustaining severe injuries."

Among the cargo to be discharged were a number of boilers weighing about 5 tons each, six of which had already been lifted from the hold of the vessel and discharged, when in lifting the seventh a wire called the purchase wire broke, resulting in appellee's injury. The appellant insists that the wire was practically new in March, 1922, had been thereafter well cared for and used, and was of sufficient strength for the purpose for which it was installed by the ship, if properly handled, and that its breaking was solely due to the improper handling of the lifting device by the appellee and his fellow stevedores, "in that they carelessly and unnecessarily hove on the topping lift pur-

chase tackle in topping the boom until the blocks came so close together that an undue and excessive strain was thrown on the topping lift wire, thus causing it to break."

But one of the grounds—indeed, the main ground—upon which the libelant proceeded was that the wire was old and defective, upon which issue the record shows that there was a sharp conflict in the evidence, and that the court below found the fact to be that the blocks did not come too close together, and that the injury sustained by the appellee was caused by the defective condition of the wire, and in no wise by the improper handling of the lifting device by him or his fellow stevedores. The trial judge was evidently not favorably impressed with the appellant's contention that the rope was in good condition in March, 1922, for he quoted this testimony given before him by the first mate of the vessel: "That topping lift is a durable wire; it is a good wire, and it has been up there since 1917, and this ship has been laid up one year, with the gear up there. That proves it is a good wire."

After a careful consideration of the evidence, we do not think we would be justified in interfering with those conclusions of fact by the trial court, nor in sustaining either of the contentions on behalf of the appellant that the appellee should be held to have assumed the risk resulting in his injury, or was guilty of contributory negligence. With the amount of the award of $2,000 made to him by the court below, we think it is equally clear that there is no good ground for our interference.

The judgment is affirmed.